983 F.2d 1073
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Donald J. MINNIECHESKE, Petitioner/Appellant,
v.
Donald W. GUDMANSON, Defendant/Appellee.
 No. 91-3360.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1992.*
Decided Dec. 23, 1992.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Donald Minniecheske petitioned for a writ of habeas corpus while his case was still pending in the Wisconsin courts. 28 U.S.C. § 2254. Because Minniecheske had failed to exhaust his state remedies, the district court dismissed his petition. We affirm.
 
 
 2
 On March 21, 1990, Minniecheske was convicted of "Possession of Property Without Consent" and "Transfer of Property Without Consent," both felonies under Wisconsin law. Wis.Stat. § 943.20. After his trial, Minniecheske filed a post-conviction motion alleging double jeopardy. The trial court denied the motion, and on May 9, 1991, Minniecheske appealed from both the post-conviction ruling and the judgment of conviction. Among the issues raised in that appeal were double jeopardy and the failure to swear in a witness.
 
 
 3
 On August 12, 1991, while the appeal was still pending in state court, Minniecheske filed a petition for a writ of habeas corpus in federal district court. In his petition, Minniecheske raised three issues: double jeopardy, the failure to swear in the witness, and the refusal to grant bond pending appeal. Although Minniecheske claimed that he had exhausted his state remedies, the district court soon learned of the pending appeal and dismissed the petition for a failure to exhaust. Minniecheske appeals.
 
 
 4
 Under the doctrine of exhaustion, this court must give state courts the first opportunity to hear a petitioner's claims. Rose v. Lundy, 455 U.S. 509, 518 (1982). To provide them this opportunity, we will dismiss the entire habeas corpus petition if any claims remain unexhausted at the time the petition is filed. Id.; United States ex rel. Johnson v. McGinnis, 734 F.2d 1193, 1196 (7th Cir.1984).
 
 
 5
 At the time Minniecheske's petition was filed, both his double jeopardy and his unsworn witness claims were before the Wisconsin Court of Appeals.[1] Although the state appeals court disposed of these claims during the pendency of this federal appeal, the state court's decision does not render Minniecheske's claims exhausted. Minniecheske should have waited for decisions from the Court of Appeals and the Wisconsin Supreme Court before filing his petition.
 
 
 6
 We waive this exhaustion requirement only in rare cases "[w]here state procedural snarls or obstacles preclude an effective state remedy against unconstitutional convictions." Bartone v. United States, 375 U.S. 52, 54 (1963). If these state obstacles cause an "inordinate" and "unjustifiable" delay, we will hear unexhausted claims on their merits. Lane v. Richards, 957 F.2d 363, 365 (7th Cir.), cert. denied, 113 S.Ct. 127 (1992); Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir.1981).
 
 
 7
 The Wisconsin courts did not inordinately delay Minniecheske's case. The state appellate court received Minniecheske's notice of appeal only three months before he filed his federal petition. Although we have called a three-and-one-half-year delay "inordinate," Lowe, 663 F.2d at 43, and have held that a seventeen-month delay warranted investigation by the district court, Dozie v. Cady, 430 F.2d 637, 638 (7th Cir.1970), we have never waived the exhaustion requirement because of a three-month delay.
 
 
 8
 We, therefore, AFFIRM the dismissal of Minniecheske's petition because he failed to exhaust his state remedies.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 We cannot determine from the limited evidence in the district court record whether Minniecheske exhausted his bail allegations. However, the exhaustion of this claim is irrelevant because Rose v. Lundy, 455 U.S. 509, requires complete exhaustion of all claims